UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CASE NO.:

Pedro J. Ical,
Grevil F. Rapalo,
and other similarly situated individuals,

      Plaintiffs,

v.

Neljosh Remodeling Inc,
and Eduardo Chen, individually,

      Defendants,

_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

    Come now, the Plaintiffs Grevil F. Rapalo, Pedro J. Ical, and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants Neljosh Remodeling Inc and Eduardo Chen, individually and allege:

Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid regular wages and retaliation under United States laws. Accordingly, this Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2.  Plaintiffs Grevil F. Rapalo and  Pedro J. Ical are residents of Walton County, Florida, within this Honorable Court jurisdiction and are otherwise sui juris. Plaintiffs are covered employees for purposes of the Act. (The complete name of Plaintiff Pedro J. Ical is Pedro Josue Ical Yalibat).

3.  Defendant Neljosh Remodeling Inc (from now on, Neljosh Remodeling, or Defendant) is a Florida Profit Corporation having a business in Walton County, Florida.

4.  Individual Defendant Eduardo Chen is the owner/partner/and manager of Defendant Corporation Neljosh Remodeling. This individual Defendant is the Employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5.  All the actions raised in this complaint occurred in Walton County, Florida, within this Court's jurisdiction.

<u>General Allegations</u>

6.  This cause of action is brought by Plaintiffs Grevil F. Rapalo and  Pedro J. Ical as a collective action to recover from the Defendants minimum wages, retaliatory damages, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted

class") and who worked more than forty (40) hours during one or more weeks on or after June 2022, (the "material time") without being adequately compensated.

7. Defendant Neljosh Remodeling is a construction company doing business in Walton Beach, Florida, where the Plaintiffs worked.

8. Defendant Neljosh Remodeling was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a construction Company. Defendant had more than two employees recurrently engaged in commerce or producing goods for commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

9. Plaintiffs and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiffs and those similarly situated through their daily activities regularly participated in interstate commerce by handling and working on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

10. Defendants Neljosh Remodeling and Eduardo Chen employed Plaintiffs Grevil F. Rapalo and  Pedro J. Ical as construction employees from on or

about June 01, 2022, to August 09, 2022, or 10 weeks. The Plaintiffs had a wage rate of $18.00 an hour. Plaintiff's overtime rate should be $27.00 an hour.

11. During their employment with Defendants, Plaintiffs had a regular schedule. Plaintiffs worked six days weekly, from Monday to Saturday, from 7:00 AM to 6:30 PM (11.5 hours daily). Plaintiffs worked a total of 63 hours weekly (Plaintiffs have already deducted 6 hours of lunchtime).

12. On or about September 16, 2022, Defendants Neljosh Remodeling and Eduardo Chen did not pay Plaintiffs their wages for the week on the payment day.

13. Plaintiffs complained to the owner of the business Eduardo Chen and demanded to be paid. Eduardo Chen promised Plaintiffs that he would fix the problem soon.

14. Plaintiffs continued working three more weeks, expecting to be paid and to keep their employment.

15. Plaintiffs complained to Eduardo Chen for the last time on or about October 07, 2022.

16. On or about August 09, 2022, Eduardo Chen fired Plaintiffs. Defendant Eduardo Chen told Plaintiffs that he would not pay them anything because

they had no rights in this Country. Then, Eduardo Chen blocked Plaintiffs, and they were unable to get in contact with Eduardo Chen anymore.

17. The Plaintiffs did not clock in and out, but  Defendants were in complete control of Plaintiff's schedule, and they knew that Plaintiffs were working a minimum of 63 hours weekly.

18. Therefore, Defendants willfully failed to pay Plaintiffs regular hours and overtime hours at the rate of time and one-half their regular rate for every hour they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

19. Plaintiffs Grevil F. Rapalo and  Pedro J. Ical were fired after they complained about their unpaid wages.

20. Defendants Neljosh Remodeling and Eduardo Chen failed to pay Plaintiffs Grevil F. Rapalo and  Pedro J. Ical at least four weeks of regular and overtime wages.

21. At times mentioned, individual Defendant Eduardo Chen was, and is now, the owner/director and manager of Defendant Corporation Florida Jet Ski Rentals. Individual Defendant Eduardo Chen had absolute operational control of Florida Jet Ski Rentals. Individual Defendant Eduardo Chen was the Employer of Plaintiffs and others similarly situated within the meaning

of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interest of Florida Jet Ski Rentals concerning its employees, including Plaintiffs and others similarly situated, and he is jointly and severally liable for Plaintiffs' damages.

22. Plaintiffs are not in possession of time and payment records, but they will provide a good faith estimate about their unpaid working hours.

23. Plaintiffs Grevil F. Rapalo and  Pedro J. Ical seek to recover regular wages, overtime wages, retaliatory damages, liquidated damages, and any other relief as allowable by law.

<u>Collective Action Allegations</u>

24. Plaintiffs bring this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

25. Plaintiffs contend that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiffs and other similarly situated individuals the proper compensation for every regular and overtime hour as required by the FLSA.

26. This action is intended to include every construction worker and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

**<u>COUNT I:</u>**
**<u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION;</u>**

### FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

27. Plaintiffs Grevil F. Rapalo and Pedro J. Ical re-adopt every factual allegation as stated in paragraphs 1-26 above as if set out in full herein.

28. This action is brought by Plaintiffs Grevil F. Rapalo and Pedro J. Ical and those similarly situated to recover from the Employers unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

29. Defendants Neljosh Remodeling and Eduardo Chen employed Plaintiffs Grevil F. Rapalo and Pedro J. Ical as construction employees from on or about June 01, 2022, to August 09, 2022, or 10 weeks.

    Plaintiffs had a wage rate of $18.00 an hour. Plaintiff's overtime rate should be $27.00 an hour.

30. During their employment with Defendants, Plaintiffs had a regular schedule. Plaintiffs worked six days per week, from Monday to Saturday,

for a total of 63 hours weekly (Plaintiffs have already deducted 6 hours of lunchtime).

31. On or about September 16, 2022, Defendants Neljosh Remodeling and Eduardo Chen did not pay Plaintiffs their weekly wages.

32. Plaintiffs complained to Eduardo Chen for the last time on or about October 07, 2022. On or about August 9, 2022, Eduardo Chen fired Plaintiffs.

33. Plaintiffs did not clock in and out, but Defendants were in complete control of Plaintiffs' schedule, and they knew that Plaintiffs were working a minimum of 63 hours weekly.

34. Therefore, Defendants willfully failed to pay Plaintiffs regular hours and overtime hours at the rate of time and one-half their regular rate for every hour they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

35. The records, if any, concerning the number of hours worked by Plaintiffs and all other employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate and complete time records of hours worked by Plaintiffs and other employees in the asserted class, upon

information and belief. Accordingly, Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

36. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

37. The Plaintiffs are not in possession of time and payment records. Still, before the completion of discovery, they will provide a good faith estimate of unpaid overtime wages based on their best knowledge. Plaintiffs will adjust their statement of claim according to discovery.

38.   **A.- Overtime Claim of Plaintiff Grevil F. Rapalo**

    a. <u>Total amount of alleged unpaid O/T wages</u>:

    Two Thousand Four Hundred Eighty-Four Dollars and 00/100 ($2,484.00)

    b. <u>Calculation of such wages</u>:

    Total weeks of employment:  10 weeks
    Total relevant number of weeks: 4 weeks
    Total number of hours worked: 63 hours
    Total number of unpaid O/T hours: 23 O/T hours
    Rate Paid: $18.00 x1.5=  $27.00=O/T rate
    O/T rate $27.00

    O/T 27.00 x 23 O/T hours = $621.00 weekly x 4 weeks= $2,484.00

39.   **B.- Overtime claim of Plaintiff Pedro J. Ical**

a. <u>Total amount of alleged unpaid O/T wages</u>:

Two Thousand Four Hundred Eighty-Four Dollars and 00/100 ($2,484.00)

b. <u>Calculation of such wages</u>

Total weeks of employment:  10 weeks
Total relevant number of weeks: 4 weeks
Total number of hours worked: 63 hours
Total number of unpaid O/T hours: 23 O/T hours
Rate Paid: $18.00 x1.5=  $27.00=O/T rate
O/T rate $27.00

O/T 27.00 x 23 O/T hours = $621.00 weekly x 4 weeks= $2,484.00

c. <u>Nature of wages (e.g., overtime or straight time)</u>

This amount represents unpaid overtime wages.

40. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiffs and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provisions to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

41. Defendants Neljosh Remodeling and Eduardo Chen knew and showed a reckless disregard for the Act's provisions concerning the payment of

overtime wages as required by the Fair Labor Standards Act, and Plaintiffs and those similarly situated are entitled to recover double damages.

42. Defendants willfully and intentionally refused to pay Plaintiffs Grevil F. Rapalo and Pedro J. Ical overtime wages as required by the law of the United States and remain owing Plaintiffs these overtime wages since the commencement of Plaintiffs' employment with Defendants as set forth above.

43. Plaintiffs seek to recover unpaid overtime wages accumulated from their date of hiring to their last day of employment.

44. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay reasonable attorneys' fees.

## Prayer For Relief

Wherefore, Plaintiffs Grevil F. Rapalo and  Pedro J. Ical and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs Grevil F. Rapalo and Pedro J. Ical, and other similarly situated and against the Defendants Neljosh Remodeling and Eduardo Chen, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiffs' actual damages in the amount shown to be due for unpaid

wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Jury Demand</u>

Plaintiffs Grevil F. Rapalo, Pedro J. Ical, and those similarly situated demand trial by a jury of all issues triable as a right by jury.

## **COUNT II:**
## **FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS**

45. Plaintiffs Grevil F. Rapalo and  Pedro J. Ical re-adopt every factual allegation as stated in paragraphs 1-26 of this complaint as if set out in full herein.

46. Plaintiffs bring this action to recover from the Employer Neljosh Remodeling unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206.

47. Defendant Neljosh Remodeling was and is subjected to the minimum wage provisions of the Fair Labor Standards Act (FLSA).

48. USC §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce or is employed in an enterprise engaged in commerce or

49.  the production of goods for commerce, wages at the following rates:

   (1) except as otherwise provided in this section, not less than—

         (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

         (B) $6.55 an hour, beginning 12 months after that 60th day; and

         (C) $7.25 an hour, beginning 24 months after that 60th day

50. Defendants Neljosh Remodeling and Eduardo Chen employed Plaintiffs Grevil F. Rapalo and  Pedro J. Ical as construction employees from on or about June 01, 2022, to August 09, 2022, or 10 weeks.

51. Plaintiffs had a wage rate of $18.00 an hour.

52. During their employment with Defendants, Plaintiffs had a regular schedule. Plaintiffs worked six days per week, from Monday to Saturday, for a total of 63 hours weekly (Plaintiffs have already deducted 6 hours of lunchtime).

53. On or about September 16, 2022, Defendants Neljosh Remodeling and Eduardo Chen did not pay Plaintiffs their wages for the week.

54. Plaintiffs complained to Eduardo Chen for the last time on or about October 07, 2022. On or about August 9, 2022, Eduardo Chen fired Plaintiffs.

55. At the time of the firing, Defendants refused to pay Plaintiffs four weeks of hard-earned wages.

56. Plaintiffs did not clock in and out, but  Defendants were in complete control of Plaintiffs' schedule, and they knew that Plaintiffs were working a minimum of 63 hours weekly.

57. Therefore, Defendant willfully failed to pay Plaintiff regular hours in violation of Section 206 (a) of the Fair Labor Standards Act of 1938 (29 USC 206(a)(1).

58. There is a substantial number of hours that were not paid to Plaintiffs at any rate, not even at the minimum wage rate, as required by the FLSA.

59. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

60. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform

employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

61. Before the completion of discovery, and to the best of Plaintiffs' knowledge, at the time of the filing of this complaint, Plaintiff's reasonable good faith estimate of unpaid wages is as follows:

* Florida's minimum wage for 2022 is $10.00, which is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

### A.- Minimum Wages Claim of Plaintiff Grevil F. Rapalo

a. Total amount of alleged unpaid wages:

One Thousand Six Hundred and 00/100 ($1,600.00)

b. Calculation of such wages:

Total weeks of employment: 10 weeks
Total relevant week:  4 weeks
Total hours worked:  40 hours weekly
Total number of unpaid hours: 40 hours weekly
Regular rate:  $18.00
FL Minimum wage rate 2022: $10.00

FL min. wage $10.00 x 40 unpaid regular hours=$400.00  weekly
$400.00 weekly x 4 weeks=$1,600.00

c. Nature of wages:

This amount represents unpaid min. wages at Florida minimum wage rate.

### B.- Minimum Wages Claim of Plaintiff Pedro J. Ical

a.   <u>Total amount of alleged unpaid wages</u>:

One Thousand Six Hundred Dollars and 00/100 ($1,600.00)

b.   <u>Calculation of such wages</u>:

Total weeks of employment: 10 weeks
Total relevant week:  4 weeks
Total hours worked:  40 hours weekly
Total number of unpaid hours: 40 hours weekly
Regular rate:  $18.00
FL Minimum wage rate 2022: $10.00

FL min. wage $10.00 x 40 unpaid regular hours=$400.00  weekly
$400.00 weekly x 4 weeks=$1,600.00

c.   <u>Nature of wages</u>:

This amount represents unpaid min. wages at Florida minimum
wage rate.

62. Defendants Neljosh Remodeling and Eduardo Chen unlawfully failed to
pay Plaintiffs Grevil F. Rapalo and  Pedro J. Ical minimum wages.

63. Defendants knew and showed reckless disregard of the provisions of the
Act concerning the payment of minimum wages as required by the Fair
Labor Standards Act and remain owing Plaintiffs and those similarly
situated these minimum wages since the commencement of Plaintiffs and
those similarly situated employee's employment with Defendants as set
forth above. Plaintiffs and those similarly situated are entitled to recover
double damages.

64. Defendants Neljosh Remodeling and Eduardo Chen willfully and intentionally refused to pay Plaintiffs minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages.

65. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay reasonable attorney's fees.

<u>Prayer for Relief</u>

Wherefore, Plaintiffs Grevil F. Rapalo and  Pedro J. Ical and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiffs Grevil F. Rapalo and  Pedro J. Ical and against the Defendants Neljosh Remodeling and Eduardo Chen based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiffs Grevil F. Rapalo and  Pedro J. Ical actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiffs Grevil F. Rapalo and  Pedro J. Ical an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs Grevil F. Rapalo and  Pedro J. Ical reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just

and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiffs Grevil F. Rapalo and  Pedro J. Ical and those similarly situated demand

trial by a jury of all issues triable as a right by a jury.

## <u>COUNT III:</u>
## <u>FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE;</u>
## <u>PURSUANT TO 29 USC 215(a)(3); AGAINST ALL DEFENDANTS</u>

66. Plaintiffs Grevil F. Rapalo and  Pedro J. Ical re-adopt every factual allegation

    as stated in paragraphs 1-26 of this complaint as if set out in full herein.

67. Defendant Neljosh Remodeling was and is engaged in interstate commerce

    as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A).

68. By reason of the foregoing, Defendants' business activities involve those to

    which the Fair Labor Standards Act applies.

69. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more

    than forty hours in any workweek, the employer must compensate the

    employee for hours in excess of forty at the rate of at least one and one-half

    times the employee's regular rate…"

70. 29 USC § 206 (a) (1) states "….an Employer must pay a minimum wage of

    $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206

    (a) (1)].

71. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

72. Defendants Neljosh Remodeling and Eduardo Chen employed Plaintiffs Grevil F. Rapalo and Pedro J. Ical as construction employees from on or about June 01, 2022, to August 09, 2022, or 10 weeks.

73. Plaintiffs had a wage rate of $18.00 an hour. Plaintiff's overtime rate should be $27.00 an hour.

74. During their employment with Defendants, Plaintiffs had a regular schedule. Plaintiffs worked six days per week, a minimum average of 63 hours weekly (Plaintiffs have already deducted 6 hours of lunchtime).

75. On or about September 16, 2022, Defendants Neljosh Remodeling and Eduardo Chen did not pay Plaintiffs their wages for the week on the payment day.

76. Plaintiffs complained to the owner of the business Eduardo Chen and demanded to be paid. Eduardo Chen promised Plaintiffs that he would fix the problem soon.

77. This complaint constituted protected activity under the FLSA.

78. Plaintiffs continued working three more weeks, expecting to be paid and to keep their employment.

79. Plaintiffs complained to Eduardo Chen for the last time on or about October 07, 2022.

80. This complaint constituted protected activity under the FLSA.

81. As a direct result of Plaintiffs'complaints, on or about August 09, 2022, Eduardo Chen fired Plaintiffs. Defendant Eduardo Chen told Plaintiffs that he would not pay them anything because they had no rights in this Country. Then, Eduardo Chen blocked Plaintiffs, and they were unable to get in contact with Eduardo Chen anymore.

82. Plaintiffs Grevil F. Rapalo and  Pedro J. Ical were fired after they complained about their unpaid wages.

83. At all times during her employment, Plaintiffs performed their work satisfactorily. There was no reason other than unlawful employment practices to discharge Plaintiffs.

84. There is close proximity between Plaintiffs' protected activity and their discharge.

85. The motivating factor which caused Plaintiffs' termination as described above, was their complaints seeking unpaid regular and overtime wages

from Defendants. In other words, Plaintiffs would not have been discharged but for their complaints about unpaid wages.

86. The Defendants' termination of Plaintiffs was in direct violation of 29 USC 215 (a)(3), and, as a direct result, Plaintiffs have been damaged.

87. Plaintiffs Grevil F. Rapalo and  Pedro J. Ical have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay reasonable attorneys' fees.

<u>Prayer For Relief</u>

Wherefore, Plaintiffs Grevil F. Rapalo and  Pedro J. Ical respectfully request that this Honorable Court:

A. Issue a declaratory judgment that the Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants Neljosh Remodeling and Eduardo Chen that Plaintiffs Grevil F. Rapalo and  Pedro J. Ical recover compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiffs recover an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants Neljosh Remodeling and Eduardo Chen to make whole the Plaintiffs by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiffs Grevil F. Rapalo and Pedro J. Ical further pray for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiffs Grevil F. Rapalo and Pedro J. Ical demand trial by a jury of all issues triable as of right by a jury.

Dated:  October 24, 2022

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:      (305) 446-1500
Facsimile:       (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiffs*